IN THE COURT OF CRIMINAL APPEALS


OF TEXAS









NO. WR-63,764-01






EX PARTE JAN ELLEN BERRY, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM JEFFERSON COUNTY

IN THE 252ND JUDICIAL DISTRICT COURT

TRIAL COURT CAUSE NO. 91478-A



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance, and punishment was assessed at
confinement for five years. No direct appeal was taken. 

 Applicant contends that she is improperly being denied eligibility for mandatory
supervision release. The trial court has entered an order concluding Applicant failed to
exhaust administrative remedies in a time credit dispute. However, we disagree. Applicant
has stated facts requiring resolution. Because this Court cannot hear evidence, it is necessary
for the matter to be remanded to the trial court for resolution. The trial court may resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order
affidavits, depositions, or interrogatories as the court deems necessary, refer to trial court
records, or it may order a hearing. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent her at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
concerning the 1988 Jasper County conviction alleged for enhancement purposes in this
Jefferson County case. Specifically, the trial court shall determine whether Applicant's May
6, 1988 aggravated assault conviction in Cause No. 7032, 1-A Judicial District Court, Jasper
County, was under P.C. §22.02(a)(1)(a third degree offense) or if her 1988 conviction falls
under PC §22.02(a)(2) and a deadly weapon was involved (a second degree offense). The
court shall further ascertain the offense date for the 1988 aggravated assault conviction. The
trial court shall also make any further findings of fact and conclusions of law it deems
relevant and appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 15th DAY OF FEBRUARY, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.